

1313 North Market Street
302 984 6000
P.O. Box 951
Wilmington, DE 19801- 0951
www.potteranderson.com

David E. Moore
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Firm Fax

May 18, 2022

**VIA ELECTRONIC FILING**

The Honorable Christopher J. Burke
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 28, Room 2325
Wilmington, DE 19801-3555

      Re:    *The Nielsen Company (US), LLC v. HyphaMetrics, Inc.*,
               C.A. No. 21-1591-CJB

Dear Judge Burke,

      Pursuant to the Court's Order of April 18, 2022 (D.I. 21), Plaintiff The Nielsen Company (US), LLC ("Nielsen") and Defendant HyphaMetrics, Inc. ("HyphaMetrics") respectfully submit this joint letter. Also pursuant to the Order, filed simultaneously with this letter are the Checklist, indicating the names of the lead counsel and Delaware counsel for each party (Ex. A), and a proposed Scheduling Order that is consistent with Your Honor's "Rule 16 Scheduling Order – Patent" (Ex. B).

      **A.  Description of What the Case Is About**

      Nielsen accuses HyphaMetrics of infringing U.S. Patent No. 8,924,994 ("the '994 Patent"). The '994 Patent relates to monitoring whether a television or other media device is on or off and then controlling an audience measurement device accordingly.

      HyphaMetrics filed a motion to dismiss for alleged failure to state a claim on January 7, 2022 (D.I. 10), arguing that the '994 Patent is invalid under 35 U.S.C. § 101. That motion has been fully briefed since March 4, 2022.

      **B.  Parties' Positions Regarding Disputes in the Proposed Scheduling Order.**

      There are no disputes regarding the Proposed Scheduling Order.

      **C.  List of the Three Most Significant Topics (other than Scheduling Order Disputes) Discussed During the Parties' Review of the Checklist**

      **1.  HyphaMetrics Motion To Dismiss**

      During the Parties' discussion of the case schedule, HyphaMetrics stated that it hoped that the Court would schedule oral argument on—and preferably decide—HyphaMetrics'

motion to dismiss before the parties exchange infringement and invalidity contentions in August-September 2022. HyphaMetrics requested, and Nielsen agreed, that scheduling this hearing could be listed as one of the parties' three most significant topics. The parties note that just minutes before submitting this letter, the Court scheduled oral argument for July 8, 2022. *See* D.I. 25.

### 2. E-Mail Discovery

During the Parties' review of the Court's Checklist items, Nielsen proposed a procedure for email discovery from 10 party custodians. HyphaMetrics disagreed with Nielsen's proposal and stated its position that email discovery is overly burdensome and not proportional to the needs of this case. Nielsen disagreed and suggested that the parties consider a compromise between full e-mail discovery and no e-mail discovery. The Parties will revisit this issue after they exchange initial disclosures under the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information.

### 3. Shipping and Revenue Information for the Accused HyphaMetrics Devices

The Parties discussed Paragraph 6.b of the Court's form scheduling order, which requires the Defendant to produce "sales figures for the accused product(s)" at the same time as its core technical documents. Nielsen pointed out that the accused method is performed on devices that HyphaMetrics provides free-of-charge to the homes of its users, and thus, there are no "sales for the accused product(s)" in the traditional sense. In light of this, Nielsen proposed the alternative early disclosure of (a) historical shipment figures for the accused devices and devices performing the accused methods; and (b) sales/licensing figures regarding the data obtained from the accused devices and methods. HyphaMetrics rejected this proposal, arguing it is not reflective of Nielsen's claim of infringement, which is limited to a single accused method regarding the activation and deactivation of a device. HyphaMetrics proposed instead that it produce "sales/licensing figures from selling/licensing the accused product(s) and method(s)," which it asserts closer aligns with the Court's form scheduling order. The parties reached a compromise that HyphaMetrics will produce "sales/licensing figures from selling/licensing the accused product(s) and method(s) and resulting data." Nielsen indicated it will seek this other information through normal discovery.

The parties appreciate the Court's attention to these matters.

Respectfully,

*/s/ David E. Moore*

David E. Moore

DEM:nmt/10144211

Enclosures
cc:   Counsel of Record (via electronic mail)