**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 21-1591-CJB |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| HYPHAMETRICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**STIPULATED PROTECTIVE ORDER**

1.      <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this litigation are likely to involve production of documents, information, or other things that may constitute or contain confidential, proprietary, or private information, such as trade secrets or other confidential research, development, or commercial information, for which special protection from public disclosure and from unauthorized uses may be warranted.  Accordingly, the Plaintiff The Nielsen Company (US), LLC ("Nielsen") and Defendant HyphaMetrics, Inc. ("HyphaMetrics") hereby stipulate to and petition the Court to enter the following Order to prevent unnecessary dissemination or disclosure of such confidential, proprietary, or private information.  Nielsen and HyphaMetrics acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or things that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; this District's Local Rules and CM/ECF Procedures and any applicable order of this Court set forth

the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.      DEFINITIONS

2.1      Affiliate:  any Non-Party that directly or indirectly through one or more intermediaries controls, or is controlled by, or is under common control with, a Party to this litigation.

2.2      Challenging Party:  a Party or Non-Party that challenges the designation of information or things under this Order.

2.3      "CONFIDENTIAL" Information:  information or things that constitute, contain, reveal, or reflect information (regardless of how it is generated, stored, or maintained) that is not publicly known and which the Producing Party would not normally reveal to third parties or, if disclosed, would require such third parties to maintain in confidence, or that a Producing Party reasonably believes to subject to a federal, state, or foreign data protection laws or any other applicable privilege or right related to confidentiality or privacy.  Provisions of this Order relating to CONFIDENTIAL information shall be understood to encompass any information derived from, as well as testimony and oral conversation related to, CONFIDENTIAL information, and all copies, excerpts, and summaries thereof. Information is not CONFIDENTIAL if the information or thing is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the Producing Party disclosed it, or is or becomes known to the Receiving Party by means not constituting a breach of this Order.  Information is likewise not CONFIDENTIAL if a Party lawfully obtained it independently of this litigation.

2.4      Counsel:  Outside Counsel of Record and In-House Counsel.

2.5     Designating Party:  a Party or Non-Party that designates Disclosure or Discovery Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE."

2.6     Disclosure or Discovery Material:  all information or things, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, pleadings, exhibits, reports, transcripts, and tangible things, including those from a Non-Party), that are produced or generated in disclosures or responses to discovery in this litigation.

2.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this litigation, (2) at the time of retention, is not an officer, director, or employee of a Party, of a Party Affiliate, or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an officer, director, or employee of a Party, of a Party Affiliate, or of a Party's competitor.  Nothing in this Order purports to alter in any way the requirements for offering testimony under Fed. R. Evid. 703, or to define the term "expert" for purposes other than those addressed in this Order.  Nothing in this Order prohibits a Party or its Outside Counsel of Record from retaining an expert witness or a consultant in this litigation an individual who does not satisfy the conditions of Sections 2.7(2) or 2.7(3). A retained expert witness or consultant in this litigation shall only have access to Protected Materials as allowed by Sections 7.2 and 7.3.

2.8     "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information:  highly sensitive information or things the disclosure of which would likely significantly harm the Disclosing Party , or the disclosure of which would contravene an

obligation of confidentiality to a Non-Party or to a Court.  Examples of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information include, without limitation, trade secrets (under applicable law), commercial information (including, for example, business plans, business strategies, negotiations, and license agreements), sensitive financial information (including, for example, budgeting, accounting, sales figures and advertising expenditures), business relationship information (including, for example, information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries, and parents), and personnel information (including, for example, compensation, evaluations and other employment information). Provisions of this Order relating to HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information shall be understood to encompass any information derived from, as well as testimony and oral conversation related to, HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information, and all copies, excerpts, and summaries thereof. Information is not HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY if the information or thing is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the Producing Party disclosed it, or is or becomes known to the Receiving Party by means not constituting a breach of this Order. Information is likewise not HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY if a Party lawfully obtained it independently of this litigation.  Emails, transcripts, and other documents that contain any limited excerpts of Source Code shall be considered HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information.

2.9    "HIGHLY CONFIDENTIAL SOURCE CODE" Information:  (1) Source Code; (2) human-readable text-based electronic source code documents that reside in a Source Code

repository, including but not limited to, Source Code residing in third-party Source Code repository, from which software and related data files may be compiled, assembled, linked, executed, debugged, and/or tested ("Source Code Files"); and (3) print-outs of Source Code Files. ("Printed Source Code").  Source Code Files include, but are not limited to, documents in "C", "C++", Java, Java scripting languages, command languages, shell language, VHDL, Verilog, and digital signal processor (DSP) programming languages.  Source Code Files may further include "header" files, "make" files, project files, link files, and other human-readable text files used in the generation, compilation, translation, and/or building of executable software, including software intended for execution by an interpreter.  For avoidance of doubt, emails, transcripts, and other documents that contain Source Code shall be considered HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information.

2.10    In-House Counsel:  any attorney who works in the legal department of a Party or an Affiliate.

2.11    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this litigation.

2.12    Outside Counsel of Record:  any attorney that has made a formal appearance as counsel of record for a Party in this litigation and who is not an employee of a Party or of an Affiliate.

2.13    Party:  any party to this litigation, including all of its present and future officers, directors, employees, consultants, retained experts, and Outside Counsel of Record.

2.14    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this litigation.

2.15    Professional Vendors:  persons or entities that provide litigation support services (*e.g.*, photocopying, audio or video recording, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, jury consulting, or mock trial coordination) and their employees and subcontractors.

2.16    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE."

2.17    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.18    Source Code: computer instructions, data structures, and data definitions expressed in a form suitable for input to an assembler, compiler, translator, or other data processing module, and associated comments and revision histories.

3.    SCOPE

This Order shall govern the disclosure, production and use of Disclosure or Discovery Material produced in connection with this litigation.  This Order shall apply regardless of whether such information was produced prior to or after entry of this Order.  The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any

information known to the Receiving Party prior to the disclosure or obtained by the Receiving

Party after the disclosure from a source who obtained the information lawfully and under no

obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial may

be governed by a separate agreement or order.

4.    DURATION

The confidentiality obligations imposed by this Order shall remain in effect even after

final disposition of this litigation until a Designating Party agrees otherwise in writing, a court

order otherwise directs, or unless otherwise provided herein.  Final disposition shall be deemed

to be the later of (1) dismissal of all claims and defenses in this litigation, with or without

prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals,

rehearings, remands, trials, or reviews of this litigation, including the time limits for filing any

motions or applications for extension of time pursuant to applicable law.  The Court shall retain

jurisdiction to enforce the terms of the Order after final disposition of this litigation.  All disputes

concerning Protected Material under this Protective Order shall be resolved by the United States

District Court for the District of Delaware.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party

or Non-Party may designate Disclosure or Discovery Material in accordance with this Order if

such Party or Non-Party in good faith believes that such Disclosure or Discovery Materials

contains "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" information.  To the extent it is

practical to do so, the Designating Party must designate for protection only those parts of

Disclosure or Discovery Material that it in good faith believes qualify for the appropriate designation.

In the event a Designating Party in good faith believes Disclosure or Discovery Material do not qualify for protection at all or do not qualify for the level of protection asserted under this Order, the Designating Party may redesignate the information by a notice in writing specifically identifying the redesignated information, in which event the Parties shall henceforth treat such information in accord with this Order, and shall undertake reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  Such a change does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  To the extent the Receiving Party has disclosed the Protected Material to any person not authorized under this Order, the Receiving Party shall follow the requirements of Section 10 (a), (b), (c), and (d).

 5.2 <u>Manner and Timing of Designations.</u>

 (a) <u>For information in documentary form</u> (*e.g.*, paper or electronic documents, including correspondence, but excluding transcripts of depositions or other pretrial or trial proceedings), designation in conformity with this Order requires that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or 'HIGHLY CONFIDENTIAL SOURCE CODE" to each page that contains Protected Material.  With respect to documents containing Protected Material produced in native format the Designating Party shall include the appropriate confidentiality designation in the filename. With respect to all documents produced that contain "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL

SOURCE CODE" information, the Designating Party will also include in the Load File the appropriate designation that includes the level of protection (e.g., "CONFIDENTIAL").

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

(b)      For information and testimony given in deposition or in other pretrial or trial proceeding, the Designating Party may, up to twenty-one (21) days from the date of receipt of a final transcript of the deposition or in the other pretrial or trial proceeding (as calculated by Fed. R. Civ. P. 6), designate it or portions thereof in writing as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE."  Counsel or counsel for a Non-Party also may designate the transcript or portions thereof during the deposition.

All information or testimony given in a deposition or in other pretrial or trial proceedings shall be designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" for twenty-one (21) days from the date of receipt of a final transcript of the deposition or in the other pretrial or trial proceeding (as calculated by Fed. R. Civ. P. 6), but not thereafter.  During

the 21-day period, the Designating party may designate such information and testimony pursuant to Section 5.2(b).

Upon request, Parties shall give the other Parties reasonable notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals (as set forth in Sections 7.2 and 7.3) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and, if the entire transcript has not been designated as Protected Material, the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.

(c)      For information produced in some form other than documentary and for any other tangible things, designation in conformity with this Order requires that the Producing Party affix in a prominent place to the object or on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE."  If only a portion or portions of the information or thing warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3   <u>Inadvertent Failures to Designate.</u>  If corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating/Producing Party's right to secure protection under this Order for such material.  The Receiving Party in receipt of Disclosure or Discovery Material that the Producing Party failed to designate as Protected Material shall not be in violation of this Order for any use made of such Disclosure or Discovery Material before the Receiving Party is informed of the failure to designate.  Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  To extent the Receiving Party has disclosed the Protected Material in any court filing due to the Producing Party's failure to designate Protected Material, the Producing Party is obligated to correct the filing (i.e., notify the court and coordinate appropriate re-filing of documents).

5.4   <u>Redactions.</u>  Notwithstanding the provisions of this Order, a Producing Party may redact from any document, whether Protected Material or not, any information containing privileged material, or any other personal identifying data protected from disclosure by data protection laws and other applicable laws and regulations.  By way of non-limiting example, personal identifying data may include sexual orientation, religion, health information, labor union affiliation, financial information, and political affiliation or similar data otherwise protected from disclosure by state, federal, or foreign regulations, including Data Protection Laws.  Each such redaction, regardless of size, shall be clearly labeled "Redacted - Privileged" if redacted for privilege or immunity, or "Redacted – DP" if redacted for data protected from disclosure by state, federal, or foreign regulations, including Data Protection Laws. This section shall not be construed as a waiver of any Party's right to seek disclosure of redacted information.

5.5     Non-Party Documents.  In the event that a Non-Party produces documents that contain Protected Material belonging to any Party, any Parties may, within thirty (30) days (as calculated by Fed. R. Civ. P. 6) of the receipt of documents produced by the Non-Party, designate such documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL − OUTSIDE ATTORNEYS' EYES ONLY."

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge to the Designating Party.  The parties shall attempt to resolve each challenge in good faith and must confer directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within seven (7) days of the date of service of written notice (as calculated by Fed. R. Civ. P. 6).  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without Court intervention, the disputing party shall raise the issue with the Court within fourteen (14) days of

conferring per Section 6.2 (as calculated by Fed. R. Civ. P. 6) in accordance with Section 7(g) of the Scheduling Order (D.I. 28).

The burden of persuasion in any protective order challenge shall be on the Designating Party to prove that the information or thing designated constitute, contain, reveal, or reflect  the level of confidentiality designated by the Designating Party.  All parties shall continue to afford the information or thing in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1      Basic Principles.  A Receiving Party may use Protected Material for the purposes of this litigation only.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order or, in the case of materials designated "HIGHLY CONFIDENTIAL SOURCE CODE," according to the Parties' Source Code Access Agreement.

Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Order.  In the case of materials designated "HIGHLY CONFIDENTIAL SOURCE CODE," the Parties' Source Code Access Agreement shall apply.

7.2      Disclosure of "CONFIDENTIAL" Information or Things.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or things designated "CONFIDENTIAL" only to:

(a)      the Receiving Party's Outside Counsel of Record, and support personnel for Outside Counsel of Record employed by the law firms retained to represent the Receiving Party in this litigation, including, other attorneys employed by the same law firm as Outside Counsel

of Record who have not made a formal appearance, contract attorneys, law clerks, paralegals, secretaries, IT personnel, and clerical staff assisting with this litigation under the supervision of Outside Counsel of Record;

(b)      up to three designated In-House Counsel of the Receiving Party who, because of their duties and responsibilities, require access to CONFIDENTIAL information, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) before any disclosure of any information or thing designated "CONFIDENTIAL," who are identified to the Designating Party before any disclosure of any information or thing designated "CONFIDENTIAL;"

(c)      support personnel for attorneys listed in Section 7.2(b), such as contract attorneys, law clerks, paralegals, secretaries, IT personnel, and clerical staff, assisting with this litigation under the supervision of an attorney described in Section 7.2(b);

(d)      analysts, scientific advisors, and patent agents who are employee at any law firm of an attorney listed in Section 7.2(a) as they are subject to the same restrictions the attorney;

(e)      persons or firms retained by the Receiving Party or Receiving Party, including their personnel, e.g., Professional Vendors;

(f)      Experts of the Receiving Party or Producing Party (1) to whom disclosure is reasonably necessary, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.5, below, have been followed;

(g)      support personnel for Experts listed in Section 7.2(f), including any associates or analysts, secretaries, and clerical staff assisting with this litigation under the supervision of an Expert described in Section 7.2(f);

(h)      the Court, the jury, all appropriate courts of appellate jurisdiction, any mediators or arbitrators assisting in the resolution of this litigation and their personnel;

(i)      any interpreter, court reporters, or other shorthand reporter or typist who is translating, recording, or transcribing documents or testimony in connection with this litigation or any videographer who is recording a deposition in connection with this litigation and their personnel;

(j)      mock jurors, provided that all such mock jurors sign and agree to be bound to an appropriate confidentiality agreement prohibiting disclosure and use of such materials outside of any mock jury exercise;

(k)      during their depositions, witnesses in the litigation who are (1) party representatives of the Designating Party pursuant to Fed. R. Civ. P. 30(b)(6); (2) officers, directors, and managerial level employees of the Designating Party; (3) current employees of the Designating Party; or (4) other individuals that the deposing party can demonstrate have already received the Protected Information (*e.g.*, as a recipient of a document) and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court; pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(l)      the author or recipient (or person involved in the creation) of a document containing the information or a custodian of the document or other person who otherwise possessed or knew the information.

7.3      <u>Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" Information or Things.</u>  Unless

otherwise ordered by the Court, permitted in writing by the Designating Party, or allowed by the Parties' Source Code Access Agreement, a Receiving Party may disclose any information or thing designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" only to those individuals specified in Section 7.2 (a) and (d)-(l) above.

Notwithstanding the above, no expert witness or consultant who is involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Receiving Party shall have access to a Designating Party's material designated with the label "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE."

7.4      "HIGHLY CONFIDENTIAL SOURCE CODE" Information or Things shall comply with the additional restrictions in the Parties' Source Code Access Agreement.

7.5      Procedures for Approving or Objecting to Experts.

(a)      A Party that seeks to designate an individual as an Expert (as defined in and consistent with this Order) must first make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current curriculum vitae ("CV") or equivalent resume, (3) to the extent not included in the Expert's current curriculum vitae ("CV") or equivalent resume, identifies the Expert's present and past employment, past or present relationship with any Party or Affiliate, and education; and (4) to the extent not included in the Expert's current curriculum vitae ("CV") or equivalent resume, identifies consulting and litigation engagements (by name and number of the case, filing date, and location of court), including through a declaration,

report, or testimony at a deposition or trial, during the preceding five years; and (5) attaches a copy of a signed "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(b)     The Party that makes a request and provides the information and materials specified in the preceding respective Sections may disclose appropriate Protected Material to the identified Expert after ten (10) days (as calculated by Fed. R. Civ. P. 6) unless, within ten (10) days (as calculated by Fed. R. Civ. P. 6) of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven (7) days of the written objection (as calculated by Fed. R. Civ. P. 6).   If no agreement is reached, within fourteen (14) days of the meet-and-confer (as calculated by Fed. R. Civ. P. 6), the party seeking to prevent disclosure of Protected Material to the Expert shall raise the issue with Court in accordance with Section 7(g) of the Scheduling Order (D.I. 28).  If no such raising of the issue is made within fourteen (14) days of the meet-and-confer (as calculated by Fed. R. Civ. P. 6), disclosure to the Expert shall be permitted.  In the event that objections are made and the issue is raised with the Court, disclosure to the Expert shall not be made unless and until the Court permits it.

The foregoing time periods in Section 7.5(b) may be extended or shortened by written agreement of the Parties or by Order of the Court.  In any such dispute, the Party opposing disclosure to the Expert shall bear the burden to demonstrate to the Court why such individual should not be permitted to receive Protected Material under the Order.

A Party may not object to disclosure to identified Experts beyond the 10-day period in Section 7.5(b) unless the Party becomes aware of new information or circumstances that give good cause for objection, in which case, an objection shall be made, and the timing and procedures described above shall apply.

(c)      No Party shall attempt to depose any Expert until such time as the Expert is designated by the Party engaging the Expert as testifying expert.  Notwithstanding the preceding sentence, a Party may depose an Expert as a fact witness if the Party has a good faith, demonstrable basis that the Expert may possess facts relevant to the litigation that were obtained independently of the Expert's engagement.  Such deposition, if it precedes the designation as a testifying expert, shall not include any questions regarding the scope or subject matter of the expert engagement.  Such deposition, shall not prevent one or more subsequent depositions of the Expert in their role as an Expert.  In addition, if the engaging party chooses not to designate the Expert as a testifying expert, the non-engaging party shall be barred from seeking discovery or trial testimony as to the scope or subject matter of the expert engagement.

(d)      No party may identify as a fact witness, through Fed. R. Civ. P. 26(a) initial disclosures, witness lists, or otherwise, any individual that a Party sought or may later seek to designate as an Expert (as defined in and consistent with this Order) in a written request to the Designating Party pursuant to Section 7.5(a).  Nothing in this Order prohibits a Party or its Outside Counsel of Record from retaining an expert witness or a consultant in this litigation an individual that may also be identified as a fact witness. An individual identified as a fact witness that is also retained as an expert witness or consultant in this litigation shall only have access to Protected Materials as allowed by Sections 7.2 and 7.3.

7.6     <u>Prosecution Bar.</u> Any person reviewing or receiving any "HIGHLY

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL

SOURCE CODE" (which shall also be automatically considered "Prosecution Bar Materials")

shall not, for a period commencing upon that person's review or receipt of such information and

one year following the final disposition of this case, as defined in Section 4, engage in any

"Prosecution Activity" (as defined below) involving claims on a method, apparatus, or system

that deal with the subject matter of the patent-in-suit (audience measurement meters)

("Prosecution Bar").

(a)     "Prosecution Activity" shall mean any activity related to the preparation or

prosecution (for any person or entity) of patent applications or advising or counseling clients

regarding same, writing, generating, suggesting, or modifying claim language for patent

applications or advising or counseling clients regarding same, or making arguments in support of

patent applications or advising or counseling clients regarding same. A person who has reviewed

or received Prosecution Bar Materials may not, on behalf of a Party in this litigation, participate

in, directly contribute, or advise to drafting, revising, amending, substituting, or modifying the

scope of a patent claim  in an opposition,  reexamination, *inter partes* review, covered business

method review, post-grant review, reissue application, interference, derivation, or other post-

grant proceeding before the U.S. Patent and Trademark Office or any similar agency of a foreign

government ("Post-Grant Proceedings") as to patents subject to such Post-Grant Proceedings and

within the subject matter of the patent-in-suit.  Nothing in this Section shall prevent a person

who has reviewed Prosecution Bar Materials from participating in such Post-Grant Proceedings

or in submitting a motion to amend in Post-Grant Proceedings under such person's signature as

counsel, subject to the prohibition on counseling on claim amendments and claim drafting as

stated in the previous sentence.  Nothing in this Section shall prevent anyone from sending non-confidential prior art to an attorney involved in patent prosecution for any purpose, including the purpose of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. The parties expressly agree that the Prosecution Bar set forth herein shall be personal to any attorney who reviews or receives Prosecution Bar Materials and shall not be imputed to any other persons or attorneys at the attorneys' law firm. It is expressly agreed that attorneys who work on this matter without reviewing or receiving Prosecution Bar Materials shall not be restricted from engaging in Prosecution Activity on matters that fall within the Prosecution Bar.

> (b)     If a Receiving Party learns that by inadvertence an individual received, but did not review Prosecution Bar Material and such individual has engaged, is engaged, or may engage in Prosecution Activity, then such individual shall not, for a period commencing upon that individual's receipt of such information and one year following the final disposition of this case, as defined in Section 4, engage in any Prosecution Activity involving claims on a method, apparatus, or system that deal with the subject matter of the patent-in-suit (audience measurement meters) unless (a) the Receiving Party immediately (i) notifies in writing the Designating Party and its Outside Counsel of Record of the receipt, including all known relevant information concerning the nature and circumstances of the receipt;  (ii) uses its best efforts to retrieve all copies of the Prosecution Bar Material received by the individual through the inadvertence; and (iii) provides the Designating Party an affidavit stating that the all Prosecution Bar Materials received, but not reviewed by the individual through inadvertence has been retrieved from the individual such that the individual does not have access to any Prosecution

Bar Material and the individual will not rely or use the Prosecution Bar Material the individual inadvertently received, but did not review in any way in Prosecution Activity or otherwise; and (b) the Designating Party agrees in writing the individual may engage in Prosecution Activity, which the Designating Party will not unreasonably withhold.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

      8.1     Receiving Party Subject to Subpoena, Document Request or Court Order in Other Proceedings. If a Party is served with a subpoena, document request, or court order issued in other litigation or proceeding that compels or covers disclosure of any information or thing designated in this litigation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE," that Party must notify the Designating Party at least fourteen (14)  days before the Party seeks to disclose the designated materials in writing to at least Outside Counsel of Record (including if applicable, to Outside Counsel of Record's service distribution address designated for this litigation) (as calculated by Fed. R. Civ. P. 6).  Such notification shall include a copy of the subpoena, document request, or court order and a copy of the protective order governing the litigation or proceeding to which the subpoena, document request, or court order pertains.  The Party shall cooperate to the extent necessary to permit the Designating Party to seek to quash such process or discovery request.  In the event that Protected Material is produced to a Non-Party, such material shall be treated as Protected Material pursuant to this Order.

      8.2     Receiving Party Subject to Motion in Other Proceedings. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any Receiving Party subject to this order who becomes subject to a motion to disclose a

Designating Party's information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE,"

pursuant to this order shall promptly notify the Designating Party of the motion so that the

Designating Party may have an opportunity to appear and be heard on whether that information

should be disclosed.

8.3     If the Designating Party objects within fourteen (14)  days of being notified (as

calculated by Fed. R. Civ. P. 6), the Party served with the subpoena or court order shall not

produce any information designated in this litigation as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL

SOURCE CODE" unless it is ordered to do so by the court from which the subpoena, document

request, or order issued, or unless it is otherwise required to do so by the procedures governing

the proceeding.  Nothing herein shall prevent timely compliance with a governmental subpoena

or court order.

9.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
        LITIGATION</u>

9.1     The terms of this Order are applicable to information produced by a Non-Party in

this litigation and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE."  Such

information produced by Non-Parties in connection with this litigation is protected by the

remedies and relief provided by this Order.  Nothing in these provisions should be construed as

prohibiting a Non-Party from seeking additional protections.

9.2     In the event that a Party (the "Producing Party" in this Section) is required, by a

valid discovery request from another Party (the "Requesting Party" in this Section), to produce a

Non-Party's confidential information in the Producing Party's possession, and the Producing

Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Producing Party shall:

(a)      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)      promptly provide the Non-Party with a copy of this Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)      make the information requested available for inspection by the Non-Party.

9.3      If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information (as calculated by Fed. R. Civ. P. 6), the Producing Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party and its Outside Counsel of Record of the unauthorized disclosures, including all known relevant information concerning the nature and circumstances of the disclosure, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made

of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  The execution of the "Acknowledgment and Agreement to Be Bound" in this instance does not mean that the person shall be entitled to receive Protected Material going forward unless the person is otherwise authorized to do so under the provisions of this Order.  Nothing in this agreement shall prevent the Party whose Protected Discovery Material information or material was improperly disclosed from seeking other remedies from the disclosing Party, including damages or injunctive relief.

11.  <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

    11.1  <u>No Waiver.</u>  The Parties have agreed that, in discovery in this lawsuit, they do not intend to disclose information subject to a claim of attorney-client privilege or attorney work product protection.

    Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B), the production or disclosure of any discovery material that a Party (the "Disclosing Party") thereafter claims should not have been produced or disclosed based on privilege or work-product protections ("Disclosed Privileged Information"), shall not constitute or be deemed a waiver or forfeiture in whole or in part—in this or any other proceeding—of any claim of attorney-client privilege, work-product immunity, or other privilege or immunity that the Disclosing Party would otherwise be entitled to assert with respect to the Disclosed Privileged Information and its subject matter regardless of the circumstances of the production or disclosure.  As set forth below, such Disclosed Privileged Information shall be returned to the Producing Party or destroyed upon request.

11.2    <u>Attorney's Ethical Responsibilities.</u> Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.  Any Party receiving materials that, on their face, appear to be covered by a privilege, shall not copy, distribute, or otherwise use in any manner such materials and shall provide prompt notice of the disclosure to the Producing Party to afford the Producing Party the opportunity to request return of the materials, in accordance with the terms of this Section.

11.3    <u>Procedure for Return or Destruction of Privileged Information.</u>  If a Disclosing Party notifies the Receiving Party of Disclosed Privileged Information, the Receiving Party shall, as soon as possible, but at most within seven (7) days (as calculated by Fed. R. Civ. P. 6): (a) return or destroy (or in the case of electronically stored information, delete) all copies of such information (including all notes or other work product of the Receiving Party reflecting the contents of the Disclosed Privileged Information) within their possession, custody, or control— including all copies in the possession of experts, consultants, or others to whom the Disclosed Privileged Information was provided—and (b) provide a certification to the Disclosing Party's Outside Counsel of Record that all such Disclosed Privileged Information has been returned or destroyed. From the moment a Disclosing Party provides notice of production of Disclosed Privileged Information, a Receiving Party shall not copy, distribute, or otherwise use in any manner the disputed documents or information, and shall instruct all persons to whom the Receiving Party has disseminated a copy of the documents or information that the documents or information are subject to this Order and may not be copied, distributed, or otherwise used pending a motion and further notice from the Court. For purposes of this Order, Disclosed

Privileged Information that has been stored by the Receiving Party on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete the restored Disclosed Privileged Information.

This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

12.   <u>MISCELLANEOUS</u>

12.1   <u>Right to Further Relief.</u>   Nothing in this Order abridges the right of any person to seek its modification by the Court in the future or seek further or additional protection of information for which the protection of this Order is not believed by a Party or Non-Party to be adequate.  Nothing in this Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain information may not be discovered at all.

12.2   <u>Right to Assert Other Objections.</u>   By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or thing on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material.</u>   A Party that seeks to file under seal any Protected Material in this litigation must comply procedures set forth in the Court's rules, CM/ECF Procedures, and any applicable order of this Court.  The Clerk of the Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court under any provision of this Order.

12.4    <u>Right to Release.</u>  Without application to the Court, any Party or Non-Party that is a beneficiary of this Order may enter a written agreement releasing any other Party or Non-Party from one or more requirements of this Order, except for requirements that protect the information or rights of another Party or Non-Party.

12.5    <u>Right to Object to Furnishing Information.</u>  The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery in this litigation, and except as expressly provided, shall not relieve any Party or Non-Party of the obligation of producing information in the course of discovery.

12.6    <u>Right to Exclude from Deposition.</u>  Outside Counsel of Record and designated In-House Counsel shall have the right to exclude from depositions, other than the deponent, the court reporter, and videographer, any person who is not authorized under this Order to receive Protected Discovery Material. Such right of exclusion shall be applicable only during periods of examination or testimony directed to Protected Material. The failure of any person who is not authorized under this Order to receive Protected Material (other than the deponent, the court reporter, and/or the videographer) to leave the deposition room during any portion of the deposition that inquiries into matters designated as Protected Material by the Producing Party shall permit Outside Counsel of Record for the Producing Party to instruct the deponent that he or she should not answer inquiries into matters designated as Protected Material.

12.7    <u>No Waiver of Right to Assert Non-Discoverability or Non-Admissibility.</u>  Execution of this Order shall not constitute a waiver of the right of any Party to claim in this litigation or otherwise that any document, communication, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this litigation or any other proceeding.

12.8    Jurisdiction Related to This Order.  Each person who receives Protected Material agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

12.9    Amendments.  This Order may be amended by the agreement of the Parties, including through their Outside Counsel of Record, in the form of a written Stipulated Amended Order signed by each Party's Outside Counsel of Record. The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.

12.10   Disclosure or Modification by the Court in the Interest of Justice.  The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.

12.11   Privilege Logs.  No Party shall be required to identify on their respective privilege log any document or communication with that Party's Outside Counsel of Record dated on or after the filing of the lawsuit, which absent this provision, the Party would have been obligated to so identify on said privilege log.  The Parties shall exchange their respective privilege document logs at a time to be agreed upon by the Parties following the production of documents.

13.     SECURITY AND DATA BREACH

13.1    Any person in possession of another Party's or Non-Party's Disclosure or Discovery Material shall exercise the same care with regard to the storage, custody, or use of such Disclosure or Discovery Material as they would apply to their own material of the same or comparable sensitivity, but no less than the reasonable precautions set forth in Section 13.2.

13.2     Receiving Parties must take reasonable precautions to protect Discovery Material from loss, misuse and unauthorized access, disclosure, and alteration. Such measures shall include:

(a)     Reasonably preventing unauthorized persons from gaining access to Disclosure or Discovery Material (physical access control);

(b)     Reasonably preventing Disclosure or Discovery Material from being used without authorization (logical access control) including, but not limited to, the use of passwords;

(c)     Reasonably ensuring that persons entitled to use Disclosure or Discovery Material gain access only to such Disclosure or Discovery Material as they are entitled to access in accordance with their access rights, and that, in the course of processing or use and after storage, Disclosure or Discovery Material cannot be read, copied, modified or deleted without authorization (data access control); and

(d)     Reasonably ensuring that Disclosure and Discovery Material is processed solely in accordance with instructions from Counsel of Record or Receiving Party (control of instructions).

13.3     If the Receiving Party discovers a breach of security relating to the Disclosure or Discovery Material of another Party or Non-Party, the Receiving Party shall: (1) provide written notice to Producing Party of such breach no later than 24 hours of Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach at its expense, and provide Producing Party with assurance reasonably satisfactory to Producing Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach.  If required by any judicial or governmental request, requirement or order to disclose such information, the Receiving Party

shall take all reasonable steps to give the Producing Party sufficient prior notice in order to contest such request, requirement, or order through legal means. The Receiving Party shall reasonably assist the Producing Party with notifying any data subjects or regulatory authorities of the breach when such notice is required under data protection laws, and the Receiving Party shall be responsible for the reasonable expenses of data subject notifications. The Receiving Party agrees to provide reasonable cooperation to the Producing Party and law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access as it deems appropriate in its good faith and reasonable judgment.

14.    <u>FINAL DISPOSITION</u>

14.1    Within ninety (90) days (as calculated by Fed. R. Civ. P. 6) after the final disposition of this litigation, as defined in Section 4, Outside Counsel of Record and all other persons having possession or control of another Party's or Non-Party's Protected Material, including any briefs, motions, pleadings, expert reports, or other documents created during the course of this litigation that contain Protected Material must (1) return all Protected Material and any copies thereof to the appropriate Outside Counsel of Record or outside counsel for a Non-Party who produced or generated the Protected Material; or (2) destroy such Protected Material. Whether the Protected Material is returned or destroyed, each Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that certifies the Party has complied with the requirements of this Section.  Back-up files and other difficult-to-access sources containing Protected Discovery Material shall be exempt from the requirements of this Section, subject to the Receiving Party's continued maintenance of the safeguards set forth in this Order.

14.2     Information designated "HIGHLY CONFIDENTIAL SOURCE CODE" must be returned to the Producing Party or destroyed, and each Expert who had access to such materials must sign a declaration that shall be sent to the Producing Party certifying that:

(a)     to the best of that person's knowledge, all such materials have been returned to the Producing Party or destroyed; and

(b)     every copy, whether whole or partial, of such materials that exists in electronic, magnetic, or other machine-readable form has been permanently deleted.

14.3     Notwithstanding Sections 14.1 and 14.2, Counsel are entitled to retain an archival copy of all pleadings, discovery responses, motion papers, trial, deposition, and hearing transcripts and exhibits, mediation briefs, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.  Outside Counsel of Record may retain copies of their own work product containing such Disclosure or Discovery Material.  Further, all notes, summaries, or other documents prepared by attorneys, Experts, or internal or external consultants derived from or containing Protected Discovery Material shall, after the conclusion of the action, be kept within the files of Outside Counsel of Record for the Party creating such work product, or be destroyed.  Such Party, and their respective Outside Counsel of Record, shall not disclose any Party's Protected Material contained therein to any person or entity except pursuant to a written agreement with the Producing Party or as otherwise provided in this Order and shall maintain the safeguards set forth in this Order.

POTTER ANDERSON & CORROON LLP

/s/ Bindu A. Palapura
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Brandon R. Harper (#6418)
Carson R. Bartlett (#6750)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Telephone: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
bharper@potteranderson.com
cbartlett@potteranderson.com

Of Counsel:

Steven Yovits
Constantine Koutsoubas
Michael J. Weil
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
Tel: (312) 857-7070

Clifford Katz
Malavika Rao
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800

Attorneys for Plaintiff The Nielsen
Company (US), LLC

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jeremy A. Tigan
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Sarah E. Simonetti (#6698)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
ssimonetti@morrisnichols.com

Of Counsel:

Gregory K. Sobolski
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
(415) 391-0600

Richard G. Frenkel
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600

Gabriel K. Bell
Diane E. Ghrist
Benjamin Behrendt
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004-1304
(202) 637-2200

Attorneys for Defendant HyphaMetrics, Inc.

IT IS SO ORDERED, this __22nd__ day of ___June_____, 2022.


*Christopher J. Burke*
United States Magistrate Judge


10195515/14944-00003

## **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____,

with the address of _____,

declare under penalty of perjury that I have read in its entirety the Order that was issued by the

United States District Court for the District of Delaware in the case of *The Nielsen Company*

*(US), LLC v. HyphaMetrics, Inc.*, C.A. No. 1:21-cv-01591-CJB.  I agree to comply with and to

be bound by all the terms of this Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any manner any information or thing that is subject to this

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

District of Delaware for the purpose of enforcing the terms of this Order, even if such

enforcement proceedings occur after termination of this litigation.

Date: _____

City and State where sworn and signed:

_____

Printed name: _____

Signature: _____