### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-1591-CJB |
| | ) | |
| HYPHAMETRICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM ORDER

At Wilmington, Delaware this **19th day of May, 2023**.

**WHEREAS**, Plaintiff The Nielsen Company (US), LLC ("Plaintiff") has moved to compel Defendant HyphaMetrics, Inc. ("Defendant") to produce (1) experimental reports ("reports") that Defendant previously produced to Plaintiff and then clawed back as work product; and (2) all other factual and non-opinion documents concerning the same subject matter (the "Motion"), (D.I. 79; *see also* D.I. 80 at 1), and the Court has considered the parties' letter briefs, (D.I. 80; D.I. 83; D.I. 87), and Defendant's *in camera* submission, (*see* D.I. 89), and heard argument on May 8, 2023;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. On July 15, 2022, Defendant's prior counsel ("prior counsel") produced three reports (HM0000077-87) at issue here to Plaintiff. (D.I. 80 at 1; *id*., ex. B at 2) When prior counsel did so, it knew all of the facts one would need to know to understand that, under the law, those documents were protected by the work product doctrine. A document is protected by the work product doctrine if it is prepared in anticipation of litigation or trial by a party or its representative. Fed. R. Civ. P. 26(b)(3)(A); *see also* (D.I. 80 at 2 (citing cases)). It is undisputed here that the reports fit this bill, and prior counsel knew this when they intentionally produced

the reports. So Defendant waived any work product protection for the reports by intentionally producing them here.

2. Defendant argues to the contrary that no waiver occurred because prior counsel mistakenly thought that the reports were not work product protected—in that prior counsel mistakenly thought that in order for the reports to be so protected, an attorney for Defendant must have requested that the reports be prepared for litigation or trial (and prior counsel believed at the time that the reports had not been generated at an attorney's direction).[1] (D.I. 83 at 1 (Defendant noting that the documents were produced despite the fact that prior counsel did not "appreciat[e] their work product nature")) That argument fails. Both sides here agree that prior counsel's belief in this regard amounted to a mistake of law. *See United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 966 (3d Cir. 1988) ("[F]ederal courts have consistently ruled that the work-product doctrine is not inapplicable merely because the material was prepared by or for [a non-attorney.]"); *SightSound Techs., LLC v. Apple, Inc.*, Civil Action No. 11-1292, 2012 WL 12896267, at *2 (W.D. Pa. Oct. 17, 2012) (explaining that "attorney involvement is not a requirement for materials to be afforded work-product protection"). And the fact that an attorney made a clear mistake of law as to whether an intentionally-produced document was protected by an applicable privilege cannot be a basis to claim that such production was somehow inadvertent. *See In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 924 (8th Cir. 1997); *N. Am. Rescue Prods., Inc. v. Bound Tree Med., LLC*, No. 2:08-cv-101, 2009 WL 4110889, at *9 (S.D. Ohio Nov. 19, 2009); *cf. Williams v. Sprint/United Mgmt. Co.*, Case No. 03-2200-JWL, 2007 WL 38397, at *5-6 (D. Kan. Jan. 5, 2007); *Transonic Sys., Inc. v. Non-Invasive Med. Tech.*, 192

---

[1] It turns out that, unbeknownst to prior counsel at the time, the reports *had* been generated at the direction of Defendant's then-outside general counsel. (D.I. 83 at 1; *id.*, ex. 2 at ¶¶ 4-5)

F.R.D. 710, 715-16 (D. Utah 2000).  Attorneys are expected to be aware of what the law requires.

3.      Defendant next argues that Section 11 of the Protective Order ("PO") in this case saves it from having waived work product protection.  (D.I. 83 at 2-3)  It asserts that this section of the PO essentially says that if a party produces a document in discovery, and if that party later determines that the document is protected by the work product doctrine, then the party can claw back the document—regardless of whether the document was produced intentionally or inadvertently.  To be sure, some of the broad language of sub-section 11.1 of the PO, read in isolation, might support this reading.  (D.I. 37 at § 11.1 (in this sub-section entitled "No Waiver" the PO stating that "the production or disclosure of any discovery material that a Party . . . thereafter claims should not have been produced or disclosed based on . . . work-production protections . . . shall not constitute or be deemed a waiver or forfeiture in whole or in part . . . of any claim of . . . work-product immunity . . . regardless of the circumstances of the production or disclosure"))  But the Court ultimately determines that Section 11 does not read the way Defendant says it does.  In part, that is because the title of Section 11 notes that the entire section relates only to "*Inadvertent* Production of Privileged or Otherwise Protected Material"—not to the intentional production of such material.  (*Id.* at § 11 (emphasis added)); *see also RTC Indus., Inc. v. Fasteners for Retail, Inc.*, Case No. 17 C 3595, 2020 WL 1148813, at *8 (N.D. Ill. Mar. 9, 2020) ("Here, the title of the Rule 502(d) Order indicates that the language therein applies to 'inadvertent' disclosures, not 'inadvertent' and 'intentional' disclosures[.]") (citation omitted).  And second, even sub-section 11.1 notes that the subsection is adopted "[p]ursuant to Federal Rule of Evidence 502(d)" ("Rule 502(d)").  (D.I. 37 at § 11.1)  Courts have often explained that the purpose and intent of Rule 502(d) relates to documents that are mistakenly or unintentionally

3

produced—not to documents (like the reports) that were produced intentionally. *See In re Google RTB Consumer Priv. Litig.*, Case No. 21-cv-02155-YGR (VKD), 2022 WL 1316586, at *3 n.2 (N.D. Cal. May 3, 2022); *Smith v. Best Buy Stores, L.P.*, Case No. 4:16-cv-00296-BLW, 2017 WL 3484158, at *3-4 (D. Idaho Aug. 14, 2017); *Certain Underwriters at Lloyd's, London v. Nat. R.R. Passenger Corp.*, 218 F. Supp. 3d 197, 203 (E.D.N.Y. 2016); *Hostetler v. Dillard*, Civil Action No. 3:13-cv-351-DCB-MTP, 2014 WL 6871262, at *4 (S.D. Miss. Dec. 3, 2014). So Section 11 of the PO does not serve to wipe away the import of Defendant's intentional production of the reports, nor the fact that in doing so, Defendant waived any work product protection attached to the reports.

4. Therefore, the Motion is GRANTED as to the reports at issue, which must be promptly produced to Plaintiff.

5. Plaintiff also seeks production of four additional documents listed on Defendant's supplemental privilege log (the "four documents"), which purportedly relate to the same subject matter as that in the reports. (D.I. 80 at 1, 3-4) "[W]ork[]product waiver . . . extends to 'factual' or 'non-opinion' work product concerning the same subject matter as the disclosed work product." *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1302 (Fed. Cir. 2006) (citation omitted) Defendant produced the four documents *in camera* to the Court on May 9, 2023. (D.I. 89)

6. In its briefing, Defendant did not assert that the four documents amount to opinion work product. (D.I. 83 at 4) And in the Court's view, it does not seem like they are opinion work product—they do not appear to be showing off an attorney's mental impressions, theories or opinions. Instead, they seem to be about experiments done by non-attorneys. The disputed

4

question is whether they are the "same subject matter" as the reports. (*Id.* (Defendant stating that the four documents are only "tangentially[ ]related" to the reports))

7. The first of the four documents, (PRIVID00012-23), are Slack Messages entirely in Spanish. Defendant did not provide a translation of this document to the Court, and the Court is not fluent in Spanish. Accordingly, the Court cannot tell if this document concerns the same subject matter as the reports. If the matter remains in dispute by then as to this document, then by no later than May 26, 2023, Defendant shall provide the Court with two translated copies of the document *in camera*. The Court will thereafter issue a ruling with respect to this document.

8. The second and third documents, (PRIVID00024 and PRIVID00025), are videos of two of the experiments described in the reports (Experiment 1 and Experiment 2). These clearly concern the same subject matter as the reports.

9. The fourth document, (PRIVID00026-28), contains information regarding Experiments 3 and 4. While the reports did not describe Experiment 3, that appears to be another experiment on the accused products relating to the "ACRPB" and voltage input into the product, which was also at issue in the other experiments. Experiment 4 was described in the reports.

10. Because the second, third and fourth documents concern the same subject matter as the reports, the Motion is GRANTED as to them. Defendant shall promptly produce these documents to Plaintiff as well.

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE